The People of the State of New York ex rel. Edwin Burhans et al., as Executors of Tina B. Lasher, Deceased, Respondents, *v.* The City of New York et al., Appellants.

Eminent domain — the grantee of the right of eminent domain must comply with the conditions of the grant — construction and effect of statutes giving a right of damages to persons whose business has been decreased in value by taking of land for the additional water supply of New York city — when commissioners may be compelled by mandamus to institute proceedings to determine damages.

The right of eminent domain is an attribute of sovereignty which the state may grant or withhold at its will. When it delegates that right it may impose upon the donee any condition that does not encroach upon or abridge any of the constitutional rights of those whose property is to be taken. It may require the donee of the right to do more than is demanded by the Constitution, but it may not permit less to be done. If the donee accepts the right and exercises it, the conditions subject to which it is granted cannot be evaded or ignored.

Section 42 of chapter 724 of the Laws of 1905, as amended by chapter 314 of the Laws of 1906, gives a right to damages to any person who, on the date therein specified, had an established business in the counties of Ulster, Albany or Greene, which may have been directly or indirectly decreased in value by reason of the acquiring of land by the city of New York for an additional water supply.

Such statutes contemplate the determination of all such claims in the original proceedings taken therein to acquire the property affected. When, however, the commissioners of appraisal refuse to take evidence as to such damages in a proceeding to condemn the property, a person entitled thereto under the statute can compel the city authorities, by mandamus, to institute a separate proceeding for the determination of the claim.

Neither the language nor the purpose of the statute indicate that the legislature intended to confine compensation for injury to business conducted upon lands not condemned, and the statute does not exclude from its benefits lands which are condemned.

*People ex rel. Lasher* v. *City of New York*, 134 App. Div. 75, affirmed.

(Argued April 29, 1910; decided May 17, 1910.)

Appeal from an order of the Appellate Division of the Supreme Court in the third judicial department, entered Sep-

tember 15, 1909, which affirmed an order of Special Term granting a motion for a peremptory writ of mandamus.

This proceeding grows out of the claim of Tina B. Lasher, who was a resident of Ulster county in this state, for compensation on account of damages alleged to have been sustained by her in the decrease in value of a boarding-house business which she had conducted upon lands condemned by the city of New York for the purpose of extending its water supply. The claimant died in March, 1909, leaving a last will, and her executors have been substituted for her in this proceeding.

The statute under which the condemnation proceedings were instituted is chapter 724 of the Laws of 1905, as amended by chapter 314 of the Laws of 1906. Section 42 of the act as amended provides that " The owner of any real estate not taken by virtue of this act and chapter seven hundred and twenty-three of the laws of nineteen hundred and five, *or of any established business on the first day of June, nineteen hundred and five, and situate in the counties of Ulster, Albany or Greene, directly or indirectly decreased in value by reason of the acquiring of land by the city of New York for an additional water supply or by reason of the execution of any plans for such additional water supply by the city of New York under the provisions of this act and chapter seven hundred and twenty-three of the laws of nineteen hundred and five, their heirs, assigns or personal representatives shall have a right to damages for such decrease in value.* The board of water supply of the city of New York may agree with such person as to the amount of such damages, and if such agreement cannot be made such damages, if any, shall be determined in the manner provided for the ascertaining and determining the value of real estate taken under the provisions of this act, and the commissioners shall not be limited in the reception of evidence to the rules regulating the proof of direct damages."

On June 1st, 1905, and for a number of years prior thereto, the claimant Lasher had owned and conducted a boarding house business in the town of Olive, county of Ulster, upon

lands designated as parcel 64 in section No. 2, as laid out upon the final map or plan of the proposed site of what is known as the Ashokan reservoir. In the proceedings to acquire that land, commissioners of appraisal were appointed on April 17th, 1907. On the 5th day of August, 1907, the claimant presented to the commissioners a verified claim for damages and offered evidence in support of her claim. Evidence was received as to the purposes for which the real estate referred to had been used, but the evidence offered concerning the damage to the claimant's business was excluded. From the report of the commissioners, filed in February, 1908, it appears that the children of the claimant were the owners of the real estate, subject to the dower right of the claimant therein, and that the damages for the taking of the land were assessed at $6,500. The commissioners stated in their report that they had "taken into consideration the purposes for which the property has been used."

On the 15th day of May, 1908, the claimant filed with the board of water supply of the city of New York a claim for damages to her business. The claim was ignored, and thereupon this proceeding was instituted by a petition which recites that the city took possession of the lands on or about May 15th, 1908, and compelled the claimant to abandon her business; that she was unable to agree with the board of water supply as to the amount of her damages, and that the city has refused to institute proceedings in which they can be ascertained.

*Archibald R. Watson*, Corporation Counsel (*Theodore Connoly, Terence Farley* and *Clarence L. Barber* of counsel), for The City of New York et al., appellants. Section 42 of chapter 724 of the Laws of 1905, as amended by chapter 314 of the Laws of 1906, does not apply to a case where the real estate on which the business is located is taken in the condemnation proceeding. (Sutherland on Stat. Const. § 371; *Town of Hempstead* v. *City of New York*, 52 App. Div. 182; *Matter of Andersen*, 91 App. Div. 563, 565; *Comeskey* v.

*Village of Suffern,* 179 N. Y. 393; 2 Lewis on Eminent Domain [3d ed.], § 819.) Chapter 314 of the Laws of 1906, in so far as it purports to amend section 42 of chapter 724 of the Laws of 1905, violates section 16 of article 3 of the State Constitution. (*Ferguson* v. *Ross,* 126 N. Y. 459; *Matter of Henneberger,* 155 N. Y. 420; *People ex rel. City of Rochester* v. *Briggs,* 50 N. Y. 553; *People ex rel. Corscadden* v. *Howe,* 177 N. Y. 499.) The language of section 6 of article 1 of the State Constitution, "nor shall private property be taken for public use without just compensation," is a limitation on the power of the legislature to require that more than just compensation be paid, and a prohibition against passing a law providing for the payment of damages to the owner of an established business which is not taken or injured but which is simply obliged to remove because of the acquisition of the property on which it is located for a public use. (*People ex rel. Wood* v. *Draper,* 15 N. Y. 532; *People ex rel. Jackson* v. *Potter,* 47 N. Y. 375; Lewis' Sutherland Stat. Const. § 333; *Matter of Forge* v. *Village of Salamanca,* 176 N. Y. 324.) The decrease in the value of a business, caused by the acquisition of the property on which it is located for public use, which necessitates its removal to another place, does not constitute a taking of the business in a constitutional sense, nor does it entitle the owner of such business to any compensation. (10 Am. & Eng. Ency. of Law [2d ed.], 1114; Cooley on Const. Lim. [7th ed.] 781–808; 4 Sutherland on Damages [3d ed.], § 1062; *Lansing* v. *Smith,* 8 Cow. 146; *Sauer* v. *City of New York,* 180 N. Y. 27; 206 U. S. 536; *Transportation Co.* v. *Chicago,* 99 U. S. 635; *Mugler* v. *Kansas,* 123 U. S. 623; *Chicago* v. *Taylor,* 125 U. S. 161; *Meyer* v. *Richmond,* 172 U. S. 82; *Scranton* v. *Wheeler,* 179 U. S. 141; *Craighill* v. *Lambert,* 168 U. S. 611; *U. S.* v. *Lynah,* 188 U. S. 445; *C., etc., R. Co.* v. *Chicago,* 166 U. S. 226; *Sweet* v. *Rechel,* 159 U. S. 380; *Bauman* v. *Ross,* 167 U. S. 548; *M. N. Co.* v. *U. S.,* 148 U. S. 312.) Compelling the city to pay specified sums of money as damages to persons who are obliged to move

their business, by reason of the acquisition of the property on which the business is located, in addition to paying full value for the land taken, exceeds the constitutional requirement of just compensation. (*Betts* v. *City of Williamsburg*, 15 Barb. 255 ; *M., etc., Co.* v. *U. S.*, 148 U. S. 312 ; *Searl* v. *School District*, 133 U. S. 553 ; 2 Lewis on Eminent Domain, § 462 ; *Taylor* v. *Porter*, 4 Hill, 140 ; *Bush* v. *Bd. of Supervisors*, 159 N. Y. 212.) Section 42 of chapter 724 of the Laws of 1905, as amended by chapter 314 of the Laws of 1906, violates section 10 of article 8 of the State Constitution. (*Bush* v. *Bd. of Supervisors*, 159 N. Y. 212 ; *People ex rel. Rogers* v. *Coler*, 166 N. Y. 1 ; *Matter of Greene*, 166 N. Y. 485 ; *Matter of Chapman* v. *City of New York*, 168 N. Y. 80 ; *Matter of Mahon* v. *Board of Education*, 171 N. Y. 263 ; *Stemmler* v. *Mayor, etc., of New York*, 179 N. Y. 473 ; *City of Syracuse* v. *Stacy*, 45 App. Div. 249 ; 169 N. Y. 231.) The payment of money to people compelled to move their business to another location is not for a city purpose nor is such money devoted to a public use. (*Town of Guilford* v. *Bd. of Supervisors*, 13 N. Y. 143 ; *Matter of Grieve*, 166 N. Y. 485 ; *Matter of Mahon* v. *Board of Education*, 171 N. Y. 263 ; *People ex rel. Waddy* v. *Partridge*, 172 N. Y. 305 ; *Stemmler* v. *Mayor, etc., of New York*, 179 N. Y. 483 ; *Matter of Greene*, 55 App. Div. 475 ; *Bush* v. *Bd. of Supervisors*, 159 N. Y. 212 ; *Matter of Chapman* v. *City of New York*, 168 N. Y. 80.) There is not even a moral obligation on the part of the city to compensate an owner for the depreciation in value of his business, caused by the acquisition of the private property on which it is located for public use. (*Goulding* v. *Davidson*, 25 How. Pr. 483 ; *Tibbetts* v. *Dowd*, 23 Wend. 379 ; *Matter of Strauss*, 44 App. Div. 525 ; *Stanwood* v. *City of Malden*, 157 Mass. 17 ; *Sawyer* v. *Commonwealth*, 182 Mass. 245 ; *Matter of N. Y. C. & H. R. R. R. Co.*, 35 Hun, 306 ; *Matter of New York, W. S. & B. R. Co.*, 35 Hun, 633 ; *Matter of Dept. of Public Parks*, 53 Hun, 280 ; *Taylor* v. *M. E. Ry. Co.*, 18 J. & S. 311 ; *Matter of N. Y. & B. Bridge*, 4 N. Y. Supp. 222 ;

*M. C. R. Co.* v. *B., etc., R. Co.*, 121 Mass. 124; *M. P. R. Co.* v. *Porter*, 112 Mo. 361; *St. L., etc., R. Co.* v. *Knapp, etc., Co.*, 160 Mo. 396; *L. S., etc., R. Co.* v. *C., etc., R. Co.*, 30 Ohio St. 604.) The city of New York cannot be deprived of its property by legislative fiat directing it to pay an arbitrary sum of money as damages to people compelled to remove an established business. Such a fiat is not due process of law in a constitutional sense. (*M. N. Co.* v. *United States*, 148 U. S. 312; Const. of N. Y. art. 1, § 6; *Stuart* v. *Palmer*, 74 N. Y. 183; *People ex rel. Baldwin* v. *Haws*, 37 Barb. 440; *Baldwin* v. *Mayor, etc.*, 42 Barb. 549; 2 Keyes, 387; *N. Y. & O. R. R. Co.* v. *Van Horn*, 57 N. Y. 473; *People* v. *Johnson*, 185 N. Y. 219; *Taylor* v. *Porter*, 4 Hill, 140; *White* v. *Whiting*, 5 Barb. 474.) The amendment of 1906 is unconstitutional because it deprives the city of New York of the rights and privileges secured to other citizens and denies to it the equal protection of the laws. (U. S. Const. 14th amend. § 1; Const. of N. Y. art. 1, § 1; *Kaukauna Co.* v. *G. B., etc., Canal*, 142 U. S. 254; *C., B., etc., R. Co.* v. *Chicago*, 166 U. S. 226; *Backus* v. *F. S. Union Depot Co.*, 169 U. S. 557; *Barbier* v. *Connolly*, 165 U. S. 27; *Connolly* v. *U., etc., Co.*, 184 U. S. 540; *G. & S. F. R. Co.* v. *Ellis*, 165 U. S. 150; *People ex rel. Farrington* v. *Mensching*, 187 N. Y. 8; *Wright* v. *Hart*, 182 N. Y. 330.) Defendants are not estopped from contesting the constitutionality of section 42 of the act. (*South Ottawa* v. *Perkins*, 94 U. S. 260; *O'Brien* v. *Wheelock*, 184 U. S. 450; *Loan Assn.* v. *Topeka*, 20 Wall. 655; *Baldwin* v. *Mayor, etc.*, 2 Keyes, 403.)

*Archibald R. Watson*, Corporation Counsel (*William McMurtrie Speer* of counsel), for The Board of Water Supply of the City of New York, appellant.

*Harrison T. Slosson* and *Arthur A. Brown* for respondents. The owner of any established business on the 1st of June, 1905, situate in the county of Ulster, directly or indi-

rectly decreased in value by reason of the acquiring of land by the city of New York for an additional water supply, has a right to damages for such decrease in value. (L. 1905, ch. 724, § 42; L. 1906, ch. 314; *Earle* v. *Commonwealth*, 180 Mass. 579; *Sawyer* v. *Commonwealth*, 182 Mass. 245; *Fairbanks* v. *Commonwealth*, 183 Mass. 373; *N. R. Paper Co.* v. *Commonwealth*, 184 Mass. 279; *McNamara* v. *Commonwealth*, 184 Mass. 304; *Allen* v. *Commonwealth*, 188 Mass. 59.) The statute gives damages to the owner of a business where such business was conducted upon property taken. (L. 1905, ch. 724, § 42.) Section 42 of chapter 724 of the Laws of 1905, the section providing for business damages, does not contravene any provisions of either the Federal or State Constitution. (*Town of Guilford* v. *Supervisors*, 13 N. Y. 143; *New Orleans* v. *Clark*, 95 U. S. 644; *Blanding* v. *Burr*, 13 Cal. 343; *People ex rel. Town of Guilford* v. *Supervisors*, 18 Barb. 615.) The grant of the power of eminent domain must be strictly pursued in accordance with the terms of the grant, and if not so pursued by the condemning party for whatever reason, the power fails and all acts thereunder are void. (*Matter of House Ave.*, 67 Barb. 350; *Merritt* v. *Portchester*, 71 N. Y. 309; *Ex parte Schreiber*, 3 Abb. [N. C.] 68; *Ex parte Marsh*, 71 N. Y. 315; *Ex parte Buffalo*, 64 N. Y. 547; *Miller* v. *Brown*, 56 N. Y. 383; *Matter of Schreiber*, 53 How. Pr. 359; *Newell* v. *Whellen*, 48 N. Y. 486; *Steward* v. *Wallis*, 30 Barb. 344; *York R. B. Assn.* v. *Bell*, 33 W Va. 262; *Matter of Poughkeepsie Bridge Co.*, 108 N. Y. 483; *Matter of Union Electric R. R. Co.*, 113 N. Y. 275; *Mills* v. *St. Clair County*, 8 How. Pr. 569.) Where the aggrieved party is given a right by statute, but the enforcement of that right depends upon proceedings being initiated by other parties, mandamus will lie to compel the other parties to bring such proceedings where mandamus is the proper remedy. (*People ex rel. Winthrop* v. *Delany*, 120 App. Div. 801.) Mandamus is the proper remedy. (*People ex rel. v. Hoyt*, 66 N. Y. 606; *People ex rel. v. Wen-*

*dell,* 71 N. Y. 171; *People ex rel.* v. *Campbell,* 72 N. Y. 496; *Furbish* v. *Co. Com.,* 93 Maine, 133; *Raish* v. *San Francisco,* 81 Cal. 542; *Com.* v. *Allegheny Co. Com.,* 37 Penn. St. 277; 26 Cyc. 171; *People ex rel. Winthrop* v. *Delany,* 120 App. Div. 801.)

Werner, J.  We agree with the learned Appellate Division in the conclusion that the legislation under consideration in this proceeding violates none of the provisions of the Federal and State Constitutions which are invoked by the appellants.  The right of eminent domain is an attribute of sovereignty which the state may grant or withhold at its will. When it delegates that right, it may impose upon the donee any condition that does not encroach upon or abridge any of the constitutional rights of those whose property is to be taken.  It may require the donee of the right to do more than is demanded by the Constitution, but it may not permit less to be done.  If the donee accepts the right and exercises it, the conditions subject to which it is granted cannot be evaded or ignored.  They are part and parcel of the grant. The whole argument upon this question is aptly and tersely stated in the language of Chief Judge Cullen in *Matter of City of New York* (190 N. Y. 350, 354), where he wrote, " that as the right to exercise the power of eminent domain must proceed from legislative authority, the legislature may require more liberal compensation than that which would satisfy the constitutional requirement, but it cannot direct that anything less than just compensation shall be made."  That statement of the law cuts off at its root the contention of the appellants that the legislation under which the city of New York is extending its water supply is unconstitutional.  The only criticism made upon these statutes is that they require the city to do more than is demanded by the Constitution, and the obvious answer to it is that the city has acquired from the state a privilege which was granted upon specified conditions, and these the city must be deemed to have accepted with the grant.

The appellants challenge the relator's asserted right to the writ of mandamus granted herein, directing the board of water supply and the corporation counsel to institute proceedings for the determination of the claimants' damages. The language of the statute is so plain and unequivocal as to preclude elaborate discussion. It gives a right to damages to any person who, on the 1st day of June, 1905, had an established business in the counties of Ulster, Albany or Greene, which may have been directly or indirectly decreased in value by reason of the acquiring of land by the city of New York for an additional water supply. It is obvious that no right of action for such a cause exists outside of the statute, and that there is no way of enforcing it under the statute except by condemnation proceedings instituted by the proper authorities. We think the statutes under consideration contemplate the determination of all such claims in the original proceedings instituted to acquire lands upon which such business was carried on, and that is the practice which the claimant herein sought to invoke. The commissioners should have taken her evidence as to damages and determined her claim in the proceedings to acquire the land upon which her business had been carried on. As that right was denied to her she will be without remedy unless she can compel the city authorities to institute a separate proceeding for the determination of her claim. The attitude of the appellants has made that the law of this proceeding. Such compulsion can only be enforced by mandamus and the relator is, therefore, clearly entitled to the writ.

It is further urged for the appellants that no writ should have been granted because the statute does not authorize compensation for injury to business upon lands condemned, but limits such compensation wholly to business conducted upon lands not condemned. Neither the language nor the purpose of the statute indicate that the legislature intended to accomplish such an incongruous and unjust result. The rule of strict construction invoked by the appellants suggests not a single reason why there should be compensation for injury to

a business conducted upon lands not condemned, if the same kind of business upon lands condemned is to be excluded from the benefits of the statute. Such an interpretation of the law would be at war with the plainest principles of reason and justice. The proceeding at bar very aptly illustrates the anomaly which would arise if we should adopt the argument of the appellants. The claimant herein had only a dower interest in the lands taken. The business conducted upon it was hers exclusively. If the rule contended for by the appellants were to be adopted she would be debarred from compensation for injury to her business, although her neighbor across the way, similarly situated upon lands not condemned, would be entitled to recover all her damages. Such a consummation should not be held to have been within the contemplation of the legislature unless it is so clearly expressed as to leave no room for doubt.

We deem it unnecessary to discuss the other questions presented upon the briefs of the appellants. Some of them do not arise in this proceeding, and the others are disposed of by the broad and fundamental consideration that a municipality which asks the legislature for a privilege which is granted subject to specified conditions, cannot accept the grant and reject the conditions.

The order of the Appellate Division should be affirmed, with costs.

CULLEN, Ch. J., GRAY, HAIGHT, VANN and HISCOCK, JJ., concur.

Order affirmed.