### In re BENSEL et al.

(Supreme Court, Appellate Division, Third Department. December 28, 1911.)

EMINENT DOMAIN (§ 263*)—APPEAL—REVERSAL—GROUNDS.

　　In condemnation proceedings against store property by the city of New York for a reservoir, the claimants, relying on the position of the city, which up to that time was sustained by the courts, omitted any claim for the destruction of their business. After submission to the commissioners, the Court of Appeals held that a claim for destruction of business should be united with the claim for the property taken. Claimants failed to amend; but the commissioners awarded $15,000 for the property taken, which was probably too much for the property alone, and not enough for the property and business together. The award was con-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

·firmed with a proviso that claimants should not be precluded from thereafter claiming damages for destruction of business. *Held*, on the city's appeal on the ground that the damages were excessive, that the award and order of confirmation should be reversed and the case sent back for new trial, with permission to claimants to amend by claiming damages for destruction of business.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 687; Dec. Dig. § 263.*]

Appeal from Special Term, Ulster County.

In the matter of the application and petition of John A. Bensel and others, constituting the Board of Water Supply of the City of New York, to acquire real estate for and on behalf of the City of New York under chapter 724 of the Laws of 1905, and the acts amendatory thereof, in the Town of Olive, Ulster County, N. Y., for the purpose of providing an additional supply of water for the use of the City of New York. From such parts of an order made at the Ulster County Special Term as confirms, with respect to a certain parcel, the award to Azarius Winchell and another of $15,000 for property taken for such reservoir, the Board appeals. Order reversed, and rehearing granted.

Argued before SMITH, P. J., and KELLOGG, SEWELL, and HOUGHTON, JJ.

Archibald R. Watson, Corp. Counsel (William McM. Speer, of counsel), for appellants.

A. T. Clearwater, for respondents.

JOHN M. KELLOGG, J. The award and the order appealed from allow the claimants $15,000 for the store property condemned, and contain the so-called business proviso by which it is substantially provided that the claimants shall not be prejudiced thereby from prosecuting their claim against the city for the destruction of the business carried on in said store. The city complains that the damages allowed are excessive; that the commission and the court had no power to add the business proviso to the award and order; that the appropriation of the store premises necessarily destroyed the business, and the claimants have but one entire claim which cannot be separated; that the record shows that the witnesses based their value of the store property to quite an extent upon the fact that it was an old established store, which had been successfully operated for years; and that therefore some of the damages for a destruction of the business has necessarily been included in the award and order. This contention seems substantially correct, and a history of the case shows that the award is the result of a mistrial.

The original claim as prepared sought to recover for the value of the property and the loss of the business. But before it was filed, in March, 1909, the allegation and claim with reference to a destruction of the business was erased by the claimants' counsel. In all this class of cases up to that time, and until the decision by the Court of Appeals of the Lasher Case (May 17, 1910) 198 N. Y. 439, 92 N. E. 18, the city had contended that a claim for a destruction of business could

not be united with a claim for property taken, and the courts had sustained that contention. Matter of Simmons, 58 Misc. Rep. 581, 589, 109 N. Y. Supp. 1036. The evidence was taken January 28, 29, and May 17, 1910, on which date the case was finally submitted to the commission. The report of the commission was made August 29, 1910. Between the submission of the case and the report, the Lasher Case had been decided by the Court of Appeals, and it then became plain for the first time that damages to a business in these reservoir cases should be determined as far as possible in the proceedings taken to acquire the property affected. See, also, Matter of Bensel, 140 App. Div. 806, 125 N. Y. Supp. 872.

It evidently was the duty of the claimants after that decision, if they desired to retain and prosecute a claim for destruction of business, to obtain a rehearing before the commission, amend their claim, and prove their damages. This was not done, and the commission attempted to relieve them as far as it could by inserting in the report the business proviso referred to, which the Special Term inserted in the order. That practice was irregular and should not be encouraged. Neither should the city be permitted to avoid the claim for damages for destruction of business by its improper contention in all this class of cases that such claim could not be heard with the claim for the taking of the property. The claimants were undoubtedly misled by this position taken by the city and the decision which it obtained in the Simmons Case. The store property cost $1,000. From the evidence relating to it and the photograph of the property the award seems excessive and perhaps can only be accounted for from the fact that an old established business had been successfully conducted upon the property for years, and it is evident that the witnesses as to the value of the property were influenced more or less in their estimates by the successful business conducted at the store. There has evidently been a mistrial, and probably the damages awarded are too much for the real estate alone and insufficient for the real estate and the destruction of the business together. If the order stands, it is not clear, notwithstanding the business proviso, that the claimants are at liberty to prosecute a claim for the destruction of the business. If they may do so, it will be difficult to determine just what the loss to the business is, as it is not clear how much of such loss has already been considered. The claimants' damages were caused by one act, and but one proceeding should be had to indemnify them. A division of the claim must result in difficulties and an injustice to some one in attempting to make two cases out of one. Upon a rehearing it can be made clear what is the value of the property appropriated and what damages the claimants have suffered by the destruction of their business. It is better not to say that the award of $15,000 for the real estate is excessive. It is difficult to determine that question from the manner in which the case was tried. It is better to rest this decision upon the ground that the proceedings were a mistrial, and that the due administration of justice requires that there be a new trial in which all of the damages sustained by the claimants may be heard and determined.

The determination of the commission and the order appealed from should be reversed, and a rehearing granted. The claimants may at their election amend the claim filed by restoring the parts stricken therefrom with reference to the destruction of business. No costs of the appeal are allowed. All concur.