In re BENSEL et al., Board of Water Supply.

(Supreme Court, Appellate Division, Third Department.   December 28, 1911.)

1. EMINENT DOMAIN (§ 107*)—DAMAGES—AWARD.
   The damages specified in Laws 1905, c. 724, § 42, providing that any person owning property not actually taken, but which will be damaged by the taking of other property for a source for a water supply for New York City, shall be entitled to damages, should, where the fee of a part of a person's land is condemned, be ascertained as a part of the damage of that condemnation, and an award for damages caused by the acquisition of the fee which excepted any damage which might be done to the owner's business was erroneous.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 291, 293; Dec. Dig. § 107.*]

2. EMINENT DOMAIN (§ 265*)—DAMAGES—RECOMMENDATION BY COMMISSION.
   Under Laws 1905, c. 724, §§ 13, 32, respectively, providing that the commissioners of appraisal of land condemned for a water supply for New York City may recommend such sums as shall seem to them proper to be allowed as expenses and disbursements, and that fees shall not be paid until taxed in the Supreme Court in the district in which the lands are situated, the failure of the commissioners to recommend an allowance of costs and counsel fees does not deprive the court of power to grant such costs upon confirming the commissioners' report.
   [Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 265.*]
   Betts, J., dissenting.

Appeal from Special Term, Ulster County.

In the matter of the application and petition of John A. Bensel and others, constituting the Board of Water Supply of the City of New York, to acquire real estate for the purpose of providing an additional supply of pure and wholesome water. From an order confirming the report of the Commissioners of Appraisal awarding damages to the claimants Levi E. Dumond and another, the Board appeals. Order affirmed upon condition.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, SEWELL, and BETTS, JJ.

Archibald R. Watson (William McM. Speer, of counsel), for appellant.

Arthur A. Brown (H. T. Slosson, of counsel), for respondent.

SMITH, P. J.   Upon May 22, 1909, the commission was appointed which had jurisdiction of the claim in question.   That commission

---

was appointed upon a petition of the board of water supply of the city of New York for the appointment thereof "to ascertain and appraise the compensation to be made to the owners of and all persons interested in the real estate laid down on said maps as proposed to be taken or affected for the purposes indicated in said act, and to exercise and discharge all the powers and duties conferred upon commissioners of appraisal by said acts or the acts amendatory thereof or relating thereto." Thereafter and upon August 25, 1910, the claimants Levi E. Dumond and Nellie Dumond filed their claim. In their notice of claim it was stated that the claim did not include damages to claimant provided for under section 42 of chapter 724 of the Laws of 1905, as amended by section 8 of chapter 725 of the Laws of 1905, or indirect damages provided by section 3 of chapter 723 of the Laws of 1905. The claimant demanded $30,000 damages, together with expenses and disbursements, including compensation for witnesses, allowance for counsel fees of 5 per cent. of the amount of the award made for said real estate, and costs. This claim was tried before the commission, and during its trial the following colloquy occurred:

"By Mr. Slosson: Q. I want you to tell the commission, as near as you can, what have been the cash receipts from your business, year by year, for the last five years. I ask this question, not for the purpose of proving damages to the business, but merely for the purpose of showing the amount of business that has been carried on at this place.

"Mr. Grogan: I object to that as incompetent on the further ground that the commission has no jurisdiction to go into that.

"Mr. Slosson: I don't ask it for the purpose of proving the value of the business.

"The Chairman: Why do you ask it?

"Mr. Slosson: Simply to show the amount of business which was done here.

"Mr. Grogan: I object to it on the further ground that the value of real estate does not depend on the amount of business done at that particular place.

"The Chairman: Objection sustained.

"Mr. Slosson: Exception.

"Mr. Grogan: If the court please, I desire to renew my motion to strike out the testimony of Mr. Carl, Frank Matthews, Delancey Matthews, and Mr. Hasbrouck, on the ground that any of the witnesses were not shown to be qualified to testify to the value of real estate at West Hurley, and on the further ground that all of the witnesses have admitted that in making up the value of the real estate they were guided entirely by estimating what the profits would be by a successful business man, and all of them have admitted on cross-examination that they would not be guided by what the actual cost of the buildings were, or what the market value of the real estate in that community has been or was at the time the city acquired title.

"The Chairman: I have noted the peculiar features of their testimony, but I think their evidence has some value upon the question of the value of this property, and the motion is denied.

"Mr. Grogan: Exception."

After the trial before the commission, the report of the commissioners was duly made, and contained this recital:

"The amount ascertained and determined by us as aforesaid to be paid to the owners of and all persons interested in the said land for the acquisition of the fee of the premises designated on said map as parcel 916, and for all damages sustained or which may be sustained by them by reason of the acquisition, use, and occupation of the said fee for the purposes indicated in said act, is the sum of $14,000."

Upon motion of the claimant this award and appraisal were confirmed by the Special Term by the order from which this appeal is taken. In that order is included what has been called the "business proviso." That is a clause providing that the order should not be construed as precluding the above-mentioned owner from presenting or prosecuting any claim that he might have for damages for the decrease in value of any established business owned or carried on by him, and that it should not constitute a bar to the enforcement of such claim, if any such claim he had, and that the order should not be construed as an adjudication or opinion as to the evidence of any such claim. It was further provided in the order that expenses and disbursements to the amount of $241.64, including reasonable compensation for witnesses, should be allowed, and $700 for counsel fee.

[1] There has been no appeal from the report, or appraisal of the commissioners, and this appeal raises no question as to the amount or validity of that award. Two questions only are raised by the appellant: First. That the order should not have contained this so-called "business proviso." Secondly. That the order should not have adjudicated the costs and disbursements without a recommendation by the commissioners pursuant to sections 13 and 32 of the water supply act.

Upon the first question, the rights of the parties have been much clarified by the opinion of the Court of Appeals in People of State of New York ex rel. Burhans v. City of New York, reported in 198 N. Y. 439, 92 N. E. 18. In that case the city had proceeded to condemn the real estate of one Lasher, and compensation had been adjudicated therefor. Upon the trial before the commissioners the city had made the contention that the commissioners had no jurisdiction to determine the damage to any established business, and that contention had been sustained by the commissioners. Thereafter Lasher sought to mandamus the city to commence proceedings to determine the loss to his business under the act. That mandamus was granted at Special Term, and the order granting the same was affirmed by the Appellate Division and by the Court of Appeals. Judge Werner, among other things, in writing for the court, says:

"We think the statutes under consideration contemplate the determination of all such claims in the original proceedings instituted to acquire lands upon which such business was carried on, and that is the practice which the claimant herein sought to invoke. The commissioners should have taken her evidence as to damages and determined her claim in the proceedings to acquire the land upon which her business had been carried on. As that right was denied to her, she will be without remedy unless she can compel the city authorities to institute a separate proceeding for the determination of her claim. The attitude of the appellants has made that the law of this proceeding. Such application can only be enforced by mandamus, and the relator is therefore clearly entitled to the writ."

In the case cited the question arose after the award for land damage had been made and confirmed. Here the question is raised upon the application to confirm the award before the proceeding has been closed.

The award of the commissioners is "for the acquisition of the fee of the premises designated on said map as parcel 916 and for all damages sustained or which may be sustained by them by reason of the

acquisition, use, and occupation of said fee for the purposes indicated in said act." This award is in terms broad enough to include damages under section 42 of the act as well as for the fee. If then this award is to be construed and its effect limited, it should, I think, be limited by the commission itself, and not by the court. This is especially so in the case at bar, where there is much evidence of at least doubtful competency if a claim for land damage only was being investigated. If it be suggested that this court may send the case back to the commission for a further report, it would seem more proper, in view of the nature of the proof offered to sustain the claim, that the commission should be instructed to take evidence of all of the damages, direct and indirect, which follow from the acquisition of this land by the city, and that all of such damages be included in one award.

[2] As to the other question raised upon the allowance of witness fees and counsel fee to the claimants, we think the appellants have failed to establish their claim. By section 13 of the act (chapter 724, Laws of 1905) it is provided that the commission *may* also recommend such sums, if any, as shall seem to them proper to be allowed to parties appearing in the proceeding as expenses and disbursements, including reasonable compensation for witnesses. It is provided in section 32:

. "Such fees and expenses (probably including these fees and expenses in question) shall not be paid until they have been taxed before a justice of the Supreme Court in the judicial district in which the lands or some part thereof are situated upon eight days notice to the corporation counsel of the city of New York."

The failure of the commissioners to recommend an allowance of costs and counsel fee, as provided by section 13, clearly does not deprive the court of the power to award such costs upon the confirmation of the report. The appellant has not included in the record the notice of motion to confirm the report. In the absence of a motion before the Special Term to correct the order made we may assume that such notice of motion gave to the corporation counsel the notice required by the statute and authorizes the judge presiding at Special Term to tax the witness fees and counsel fee at the amounts specified in the order. From these views the conclusion follows that the so-called "business proviso" should be stricken from the order. If claimants elect to abandon further claims for indirect damages and so stipulate, the order as amended may stand. If such stipulation be not filed, the matter is referred back to the same commission to take evidence as to all damages, direct and indirect, which have resulted from the acquisition by the city of the land in question and to include in its report compensation therefor.

Order modified as per opinion. All concur, except BETTS, J., dissenting in opinion.

BETTS, J. I dissent. The form of the petition here is the petition that is used in the condemnation proceedings by the board of water supply of the city of New York to condemn the fee of the real estate. See Matter of Simmons, 58 Misc. Rep. 581–584, 109 N. Y.

Supp. 1036, where practically the contents of a petition similar to the one used in this case are set forth. It seeks to condemn the *fee of the real estate* only.

The order appointing the commissioners recites that it appears that the application of the *real estate described in said petition is* necessary for the purposes of providing an additional supply of pure and wholesome water for the city of New York and for the construction, operation, and maintenance of the reservoir, aqueduct, culverts, tunnels, and various appurtenances as set forth in said petition. The commissioners of appraisal were appointed "commissioners of appraisal to ascertain and appraise the compensation to be made to the owners of and all persons interested in the *real estate* laid down on said map in this proceeding  *  *  *  as proposed to be taken or affected for the purposes indicated in said act."

The order of confirmation follows the petition. The parcel is described as being *taken in fee,* and the amount allowed is for all damages sustained or which may be sustained by Levi E. Dumond and Nellie Dumond, his wife, as the *owners of said real estate* as *tenants by the entirety* by reason of the acquisition, use, and occupation of the said *fee* for the purposes indicated in said act.

The claimants' claim distinctly alleges that it does not include damages for loss of business specifically mentioning the chapter and section under which such claims can arise and be proven.

The commissioners took testimony as to the market value of the real estate offered by the claimants. They declined to take testimony offered as to the cash receipts from Mr. Dumond's business for five years, although it was stated that it was not offered for the purpose of proving damages to the business. Not one word of testimony was given by the claimants as to who was the owner of the business conducted on said real estate on June 1, 1905, nor who was the owner of it at the time the case was tried, although it was made inferentially to appear, brought out by the city, that Levi Dumond was at the time of the trial the owner of the store business conducted there. Not one word of testimony was given by the city as to the value of the business to whomever it might belong, nor any evidence whatever towards defeating a claim for business which was not presented and was not being tried; yet the city asks here to have this court hold that the $14,000 awarded to these two claimants included not only the damages for taking the fee of the real estate which was sought, but also included damages to the owner or owners of an established business on June 1, 1905, directly or indirectly decreased in value by reason of the acquiring of land by the city of New York in favor of some person or persons who were unknown to the commission and to the city of New York, and who had asserted no claim to any such decrease in value or any damages for loss of business. This is sought to be done by the city on the strength of some statements in an opinion in People ex rel. Burhans et al., as Executors of Tina B. Lasher, Deceased, v. City of New York, 198 N. Y. 439, 92 N. E. 18, in an action in which neither the original petition for acquiring the fee of the real estate, the order appointing the commissioners, the report of the commissioners, nor the order of

confirmation thereof, was before the Court of Appeals. The decision granted by the court in that case directed the city of New York to institute proceedings in which plaintiffs' intestate's claim against the city of New York for decrease or damage to her business carried on in the Ashokan region upon lands theretofore condemned by the city of New York could be determined; it appearing that the city either by its original petition to condemn the fee or order thereon, or by neglect, or otherwise, had failed to provide a proceeding in which said Tina B. Lasher could have determined such damages. It further appeared in that case that an unsuccessful attempt had been made by Tina B. Lasher to agree with the city as to the amount of her damages for her business being directly or indirectly decreased in value by reason of the acquiring of the land by the city of New York for an additional water supply which attempt had not been made by Tina B. Lasher at the time the commission refused to take her testimony for the purpose of ascertaining and determining such damages before the commission. That opinion must be construed in the light of what was before that court at that time.

In my opinion that case is no authority whatever for the present contention of the city. I think that the award here by this commission was simply and solely a *real estate award,* and that only. It may well be that the commissioners awarded more for this property than this court would do, but the award was not so excessive as to justify the court in reversing the same. See Matter of White Plains Water Commissioners, 71 App. Div. 544, 76 N. Y. Supp. 11; Manhattan R. R. Co. v. Comstock, 74 App. Div. 341, 77 N. Y. Supp. 416; Matter of opening Cromwell Avenue, 95 App. Div. 514, 88 N. Y. Supp. 947; Matter of City of New York, 129 App. Div. 711, 114 N. Y. Supp. 68.

The two proceedings, i. e., that for the taking of the fee of the real estate, and that for determining the damages to any established business directly or indirectly decreased in value by reason of the acquiring of land by the city of New York, are entirely separate and distinct proceedings: (1) For the taking of the fee of the real estate is provided for by section 7, c. 724, Laws 1905, based on the initiative of the board of water supply by its petition. Nothing need or can be done by the landowner or claimant before the board of water supply acts. (2) For procedure as to ascertaining damages to or for an owner of an established business decreased in value, see section 42, c. 724 of the Laws of 1905 as amended by chapter 314 of the Laws of 1906, by which it will be seen that, before a recovery can be had for any such business damages, an agreement must be attempted between such claimant and the board of water supply of city of New York, and only in the event that such an agreement cannot be made can such a proceeding to determine the damages to such business be successfully prosecuted. One is initiated solely by the city to condemn and take the fee of the real estate, and in the other there must be an attempt by either the owner of the business or the board of water supply to reach an agreement before the board of water supply can procure the appointment of commissioners to fix the damages for the decrease in value of an established business.

The term "real estate" is defined in said chapter 724 (section 25) Laws of 1905, as follows:

"The term real estate as used in this act shall be construed to signify and embrace all uplands, lands under water, the waters of any lake, pond or stream, all water rights or privileges, and any and all easements and incorporated hereditaments and every estate, interest and right, legal and equitable, in land or water, including terms for years, and liens thereon by way of judgment, mortgages or otherwise, and also all claims for damage to such real estate."

It will be seen that "decrease in value of an established business" is not real estate, notwithstanding the present claim of the city of New York.

The Lasher Case, supra, was a case for the decrease in value of a boarding business, a business very largely made up of boarders obtained from the cities of New York and Brooklyn   So far as disclosed by the evidence submitted to the Court of Appeals in that case, such boarders were for the most part nonresidents of the Ashokan district.

If any one shall ultimately present a claim for damages for the loss or decrease in value of an established business on this Dumond property, it will probably appear that one of the principal items of damage urged is the large number of people who have been forced to leave this region by the condemnation proceedings of the city of New York, customers taken away from the store and necessarily seeking new locations, widely scattered.   The nature of the testimony is greatly different, in my opinion, from that which would need to be presented in the Lasher boarding house business case.   For that reason, among others, I think 198 N. Y. 439, 92 N. E. 18, has no application to the case now before this court.

The city is disturbed because the court, at the request of claimant, through an apparent excess of caution, had inserted in the order of confirmation herein the following clause:

"Ordered that nothing herein contained shall be construed as precluding the above-mentioned owner of the herein above described parcel of real estate, or any of them, from presenting and prosecuting any claim either of them or any of them may have for damages for the decrease in value of any established business owned or carried on by either of them or any of them on the 1st day of June, 1905, which may be directly or indirectly decreased in value by reason of the acquisition by the city of New York of any of the lands herein described and belonging to either of them or any of them, nor shall it constitute a bar to the enforcement of such claim if any claim either of them or any of them had; and nothing herein contained shall be construed as an admission by the city of New York that any such claim for damages to business exists nor as an adjudication or opinion of this court as to the evidence of any such claim."

So far as I can see, this is the only thing in the case now before us that might lead the board of water supply to think that one or both of these owners of this real estate might have a claim for decrease in value of an established business.

I assume the claimants requested the court to insert this clause, because no attempt had been made in this case to prove damages for the decrease in value of any established business.   This would seem to me to be an eminently proper clause and one that was harmless

to the board of water supply or the city of New York. From the present attitude of the city it would seem that the claimants were well advised when they inserted such a clause on account of the present entire change of front on the part of the board of water supply or the city of New York. All the evidence that was introduced in this case as to the value of the business at that store, whoever might assert a claim thereto, was brought into the case by the cross-examination of claimants' witnesses by the city, and I cannot see that the claimants were called upon to object thereto. In other words, the city set up before the commission and this court an unstable man of straw, and is now making a great show of strength knocking him over.

The commissioners viewed the premises here. Two of them live within a few miles of the property. One of them is a merchant doing a somewhat similar business to that carried on by Mr. Dumond, less than 20 miles distant from his store, a very well qualified man to pass upon the value of this real estate with or without testimony. Another is a very capable lawyer, familiar with condemnation proceedings, living within 40 miles of these premises and familiar with this class of property.

Perhaps a very good reason for the city of New York declining in the first instance to provide in its petition and in the order appointing the original commissioners for the ascertainment of damages for the decrease in the value of an established business was the apparent fact that the city was not anxious to encourage the presentation of claims of that kind, and, in the absence of an attempt on the part of some person or persons to claim these damages, the city was not likely to be a volunteer, nor to encourage them to present such claims, nor to attempt to agree with them upon the amount of such damages, if none were claimed. It was the claim of the city of New York, until recently, that such damages should be ascertained and determined by a separate commission, and in fact a commission has been in session each month for nearly a year, and is now in session, appointed on the application of the city of New York solely to hear such claims for damages to an established business, and the claims being tried were all presented by persons whose real estate had been theretofore condemned and taken by the city of New York.

I think nothing has been presented here to show that the commissioners adopted a wrong theory as to damages, or that the award is excessive, or sufficiently so to justify its reversal, or that anything else was included in the award than the market value of the real estate taken.

I agree with the opinion of Presiding Justice SMITH as to the costs and disbursements granted herein.

I therefore think that the order appealed from should be affirmed, with costs and disbursements to the claimants.