PEOPLE v. THOMAS. (Supreme Court, Appellate Division, First Department. October 30, 1914.) Proceeding by the People of the State of New York against Benjamin F. Thomas. No opinion. Time extended to November 10, 1914.

---

PEOPLE v. VON CLAUSEN. (Supreme Court, Appellate Division, First Department. October 30, 1914.) Proceeding by the People of the State of New York against Ida Von Clausen. No opinion. Motion granted. Order filed.

---

PEOPLE, Respondent, v. WALTER, Appellant. (Supreme Court, Appellate Division, Second Department. October 16, 1914.) Proceeding by the People of the State of New York against Louis T. Walter, Jr. No opinion. Motion denied. See, also, 149 N. Y. Supp. 390.

---

PEOPLE, Respondent, v. WEILER, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 14, 1914.) Proceeding by the People of the State of New York against Christian Weiler. No opinion. Appeal dismissed upon stipulation filed.

---

PEOPLE ex rel. BOWERY BAY BUILDING & IMPROVEMENT CO., Appellant, v. PURDY et al., Commissioners of Taxes and Assessments, Respondents. (Supreme Court, Appellate Division, Second Department. November 6, 1914.) Proceeding by the People of the State of New York, on the relation of the Bowery Bay Building & Improvement Company, against Lawson Purdy and others, Commissioners of Taxes and Assessments, etc. No opinion. Final order affirmed, with $10 costs and disbursements.

---

PEOPLE ex rel. CARLISLE, State Com'r of Highways, Respondent, v. BOARD OF SUP'RS OF ONONDAGA COUNTY, Appellant. (Supreme Court, Appellate Division, Fourth Department. September 30, 1914.) Proceeding by the People of the State of New York, on the relation of John N. Carlisle, as State Commissioner of Highways, against the Board of Supervisors of Onondaga County. No opinion. Order affirmed, with costs.

---

PEOPLE ex rel. CLUETT, Appellant, v. TWOHEY et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. September 30, 1914.) Proceeding by the People of the State of New York, on the relation of Clarence Cluett, against John J. Twohey, Abigail R. Cluett, as committee, etc., and others. PER CURIAM. Order affirmed, with costs. Held, that the Special Term correctly decided that further detention, treatment, and observation were necessary before it could be said that the relator had recovered and was no longer insane. LAMBERT, J., dissents, and votes for reversal.

---

PEOPLE ex rel. DORAN v. GALLAGHER et al. (Supreme Court, Appellate Division, First Department. October 16, 1914.) Proceeding by the People of the State of New York, on the relation of Frank E. Doran, against Frank Gallagher and others. No opinion. Motion granted, with $10 costs. Order filed. See, also, 82 Misc. Rep. 679, 144 N. Y. Supp. 107.

---

PEOPLE ex rel. EDWARDS v. WALDO. (Supreme Court, Appellate Division, First Department. November 13, 1914.) Proceeding by the People of the State of New York, on the relation of Hugh M. Edwards against Rhinelander Waldo, as Commissioner. No opinion. Motion granted, with $10 costs. Order filed.

---

PEOPLE ex rel. EGGERS v. WALDO. (Supreme Court, Appellate Division, First Department. October 16, 1914.) Proceeding by the People of the State of New York, on the relation of Henry A. Eggers, against Rhinelander Waldo, etc. No opinion. Motion granted, without costs. Order filed.

---

PEOPLE ex rel. E. I. DU PONT DE NEMOURS POWDER CO., Respondent, v. GALVIN et al., Appellants. (Supreme Court, Appellate Division, Third Department. September 23, 1914.) Proceeding by the People of the State of New York, on the relation of the E. I. Du Pont de Nemours Powder Company, against John F. Galvin and others, constituting the Board of Water Supply of the City of New York, and Frank L. Polk, Corporation Counsel of the City of New York. PER CURIAM. Order modified, by striking therefrom the findings of fact other than the statement of the presentation of claim and nonaction thereon, and, as modified, affirmed, without costs, unless the city of New York makes a stipulation that an order may be entered by the Supreme Court referring this claim to one of the existing commissions authorized to hear claims of this nature, to be designated by the court. Upon the filing of such stipulation, the order may stand reversed, and the mandamus denied.