In the Matter of the Claim of E. I. DuPont deNemours Powder Company, Respondent, against The City of New York, Appellant, under Section 42, Chapter 724 of the Laws of 1905, as Amended by Section 9, Chapter 314 of the Laws of 1906.

(Business Damage Commission No. 3.)

Third Department, July 8, 1920.

**Eminent domain — condemnation of lands for water supply, city of New York — order confirming award reversed — appointment of new commissioners on application of claimant after failure of municipal authorities to act — appeal — discretionary order.**

Where the order confirming an award made by commissioners of appraisal to an owner whose lands and business were damaged by the acquisition of lands for an additional water supply for the city of New York under chapter 724 of the Laws of 1905, as amended by chapter 314 of the Laws of 1906, was reversed and the award vacated and the matter remitted to the Special Term to appoint new commissioners, but the corporation counsel of said city did not make an application for the appointment of new commissioners of appraisal, the petitioner may apply for the appointment of commissioners on its own motion and its remedy is not restricted to mandamus. This, because the second appointment is a mere matter of procedure and is made in a pending proceeding in which the court has already acquired jurisdiction and a new petition is unnecessary as the proper parties are before the court.

*It seems,* that, although the order appointing new commissioners may be discretionary, an appeal to the Appellate Division may be taken.

Appeal by the defendant, The City of New York, from an order of the Supreme Court, made at the Ulster Special Term

and entered in the office of the clerk of the county of Ulster on the 9th day of February, 1920, appointing commissioners of appraisal to ascertain, appraise and determine the compensation to be made, if any, to said claimant, the E. I. duPont deNemours Powder Company, and all persons interested in the real estate described in said claim which has been or is proposed to be taken or affected by the city of New York, for the purposes indicated in chapter 724 of the Laws of 1905, as amended by chapter 314 of the Laws of 1906; and also to ascertain, appraise and separately determine and report, under the provisions of section 42 of chapter 724 of the Laws of 1905, as amended by chapter 314 of the Laws of 1906, what, if any, indirect damages and damages for decrease in value of the said business of the E. I. duPont deNemours Powder Company conducted on said premises said claimant has sustained and has become entitled to by reason of the acquiring of land and water by the city of New York for an additional water supply, and by reason of the execution of any plans for said additional water supply by the city of New York under the provisions of chapter 724 of the Laws of 1905, as amended by chapter 314 of the Laws of 1906.

*William P. Burr* [*William H. Grogan* of counsel], for the appellant.

*Van Etten & Cook*, for the respondent.

Kiley, J.:

Chapter 724 of the Laws of 1905 provides for acquisition by the city of New York, appellant here, of an additional water supply; sections 7 to 9, inclusive, of said act provide that the corporation counsel shall apply to a Special Term of the Supreme Court in the judicial district where the lands sought to be acquired are situate for the appointment of three commissioners of appraisal. In the proceeding which, for the purposes of identification, is designated " Business Damage Commission No. 3," a petition was made to the Supreme Court and notice given by the corporation counsel under said law for the appointment of commissioners of appraisal; such appointment was made, a hearing was had and claimant, who was both appellant and respondent therein, was awarded $114,000 damages. The award was confirmed by the Supreme Court

and order entered in Ulster county February 19, 1918. Petitioner asked for an extra allowance, which motion was denied, and petitioner appealed from the order denying said motion. That appeal was dismissed. (190 App. Div. 885.) The city of New York appealed from the award made petitioner in that proceeding. On the appeal the order of confirmation was reversed, the award vacated and the matter remitted to the Special Term to appoint commissioners. (189 App. Div. 376; 190 id. 964.) The judgment of reversal was entered by the city of New York in January, 1920. The corporation counsel of the city of New York did not make an application for the appointment of commissioners of appraisal under said order, and petitioner, respondent herein, made the motion which resulted in the appointment of three men as commissioners, who had not theretofore acted as such in any of the proceedings arising under chapter 724 of the Laws of 1905. It is contended here by appellant that under sections 7 and 16 of chapter 724 of the Laws of 1905, the court did not have power to appoint the commissioners of appraisal upon the application of the claimant, respondent; that none but the corporation counsel can take the initiative in the proceedings provided for in said chapter; that if the claimant does not want to await the pleasure of the city of New York, it has its remedy by mandamus, and that is its only remedy. For this position taken by the appellant reliance is had upon *People ex rel. Burhans* v. *City of New York* (198 N. Y. 439). In that case the city of New York took the position that it was not bound by the statute to compensate for injury to business carried on upon the lands condemned; but only had to respond in damages for business injured on lands not condemned; hence took no proceedings; or refused to hear relator's claim or to create a tribunal before which the claim could be heard. The court held that to compel original initiative on the part of the city of New York mandamus must be resorted to as the remedy to be employed. That is not this case; the court had already acquired jurisdiction of these identical proceedings, and upon the initiative of the appellant, as provided by the statute in question; the original petition was before the court on the appeal that reversed the order confirming the award. I infer this fact from the record

presented upon this appeal, and its action was based upon the jurisdiction conferred by such petition and the statute under which it was originally presented to the court; all proceedings were alive and before the court except the award which had been destroyed by the court's action; all parties were there represented by virtue of the original petition as the foundation upon which all subsequent proceedings rested. It is inconceivable that the construction of the statute should be that a new petition must be presented for the appointment of commissioners in the same proceeding each time an award is vacated, when its only purpose is to get the proper parties before the· court and confer jurisdiction. The court having jurisdiction of the subject-matter had the right to act; no substantive right of the appellant was invaded; it was a matter of procedure only, and that in a proceeding already properly before it. The court at Special Term was the proper forum. (Laws of 1905, chap. 724, § 16.) The order appointing new commissioners was properly made. (Code Civ. Proc. §§ 768, 1317; *Matter of New York Central & Hudson River R. R. Co.,* 64 N. Y. 60.) Bearing upon the proposition that only a question of procedure is here involved, see *Matter of New York & Oswego Midland R. R. Co.* (40 How. Pr. 335). The appellant ·urges that in sending this proceeding back for a rehearing the practice obtaining in *People ex rel. duPont deNemours Powder Co.* v. *Galvin* (164 App. Div. 920) should have been followed. I know of no principle of law requiring the judge at Special Term to limit his prerogative in exercising sound discretion in matters over which he obtains jurisdiction. The action had here does not present error. Respondent urges that the order appointing commissioners, being discretionary, is not appealable. It is not necessary, in the view taken here, to pass upon that question; but it may be suggested that 64 New York, 60 (*supra*) holds that an appeal from such order may be taken to the Appellate Division. To the same effect is *Matter of Simmons* (203 N. Y. 241).

The order appealed from should be affirmed, with costs.

Order unanimously affirmed, with ten dollars costs and disbursements.