In the Matter of the Application of the BOARD OF WATER SUPPLY OF THE CITY OF NEW YORK to Acquire Real Estate in the County of Ulster, under Chapter 724 of the Laws of 1905, and the Acts Amendatory Thereof, for the Purpose of Providing an Additional Supply of Pure and Wholesome Water for the Use of the City of New York. (Ashokan Reservoir — Parcels Nos. 7, 20a, 44, 275 and 800.)

JEROME H. BUCK, Owner of Parcel 7, Section 1, Ashokan Reservoir, Claimant, Appellant; THE CITY OF NEW YORK, Respondent.

Third Department, November 10, 1920.

**Eminent domain — water supply, city of New York — motion to vacate award — claimant need not delay until city has moved to confirm report.**

A claimant who is not satisfied with the award made for the taking of his property for the New York city water supply system, may move to vacate the award without waiting for the expiration of the ten days following

the filing of the report within which the statute authorizes the city to move for a confirmation, and the court should not deny the motion solely. upon the supposed lack of jurisdiction.

COCHRANE and H. T. KELLOGG, JJ., dissent.

APPEAL by the claimant, Jerome H. Buck, from an order of the Supreme Court, made at the Ulster Special Term and entered in the office of the clerk of the county of Ulster on the 20th day of April, 1920, denying his motion to set aside and vacate the report of commissioners of appraisal herein.

*Thomas Gilleran* [*Edward A. Alexander* of counsel], for the appellant.

*John P. O'Brien* [*William H. Black* and *William H. Grogan* of counsel], for the respondent.

KILEY, J.:

The commissioners of appraisal made an award in favor of the appellant for property taken for the Ashokan reservoir, New York city water system. The report was filed January 26, 1920. The appellant, not satisfied with the award, served notice of motion on January 30, 1920, to have the same vacated and set aside. Section 15 of chapter 724 of the Laws of 1905 provides that the corporation counsel shall have ten days after receiving notice of the filing of the report to make a motion for confirmation thereof. It will be seen that the action of the corporation counsel is limited to a motion *for confirmation of the report.* Respondent urges, in effect, and the judge at Special Term seems to have so held, that the section applies to any motion the city may desire to make therein, and that claimant's hands are tied for the ten days following the filing of said report, and so found by his decision when he denied claimant's motion, stating, in effect, that he did not have jurisdiction or had not acquired jurisdiction, because the move of the claimant was premature. While the question of the ten-day limitation was not up for consideration, we held in *duPont de Nemours Powder Co.* v. *City of New York* (192 App. Div. 824) that the court at Special Term acquired and could hold jurisdiction upon motion made and returnable at Special Term. The city had started publication of notice to confirm before the return day of the motion herein made by appellant, and the matter might well be held to be determined upon that motion before

the judge who appointed the commissioners. Such course was within the discretionary powers of the Special Term; however, this was not done; the motion was denied for lack of jurisdiction. I think the court at Special Term had jurisdiction to hear this motion; it was not for confirmation, and was not, therefore, within the ten-day limit.

The order should be reversed.

All concur, except COCHRANE and H. T. KELLOGG, JJ., dissenting.

Order reversed, with ten dollars costs and disbursements, and matter remitted to the Special Term..